**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$344,226.00 UNITED STATES CURRENCY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:24-cv-00222<br><br>Judge Waverly D. Crenshaw, Jr. |

---

**ENTRY OF DEFAULT**

---

Pending is Plaintiff's Application for Entry of Default as to Jie Wang, John Edward Minter, III, and all other persons and entities, who may claim an interest in $344,226.00 United States Currency ("Defendant Property") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 4). For the following reasons, Plaintiff's Application is **GRANTED.**

Plaintiff filed the Verified Complaint *In Rem* on February 28, 2024, seeking forfeiture of the Defendant Property pursuant to 21 U.S.C. § 881(a)(6). (Doc. No. 1). Plaintiff filed the pending Application for Entry of Default on July 24, 2024. (Doc. No. 4).

Pursuant to Local Rule 55.01, motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying: (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and, (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). In support of its Application, Plaintiff

filed the Declaration of Paralegal Veronica Lane. (Doc. No. 4-1).

Pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the United States is required to give both general notice of this *In Rem* action to the public as well as direct notice to any known potential claimants. The United States may satisfy the public notice requirements of Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C) with publication "on an official internet government forfeiture site for at least 30 consecutive days." Direct notice "must be sent by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. Supp. G(4)(b)(iii)(A). "Actual notice, however, is not required. Instead, the Government must show a reasonable attempt to provide actual notice." *United States v. Mayes*, No. 3:14-CR-147-TAV-DCP, 2018 WL 3602971, at *5 (E.D. Tenn. July 5, 2018), report and recommendation adopted, No. 3:14-CR-147-TAV-DCP, 2018 WL 3594986 (E.D. Tenn. July 26, 2018) (internal citations omitted). "'Notice by mail is ordinarily presumed to be adequate.'" *United States v. Hughley*, No. 1:04-CR-14-002, 2007 WL 9706622, at *2 (E.D. Tenn. Oct. 1, 2007) *citing Dusenberry v. United States*, 534 U.S. 161 (2002). Notice may be sent to either the claimant or the attorney representing him or her with respect to the forfeiture or a related proceeding. Fed. R. Civ. P. Supp. G(4)(b)(iii)(B). "The adequacy of notice is measured at the time the notice was sent." *United States v. Latham*, 54 F. App'x 441, 444 (6th Cir. 2002).

With regard to direct notice, Ms. Lane declares that notice, as prescribed by Fed. R. Civ. P. Sup. G(4)(b), was provided to Mr. Wang and Mr. Minter, via certified mail, return receipt requested. The parcels were sent on March 14, 2024. (Doc. Nos. 4-1 at ¶ 4). Two certified parcels were sent to Mr. Wang at different addresses. The parcels were delivered on March 21, 2024 and March 25, 2024. *Id.* The certified parcel sent to Mr. Minter was returned as "unclaimed."

*Id.*

With regard to general notice, Ms. Lane declares that publication of the Notice of Judicial Forfeiture Proceedings was made online at www.forfeiture.gov, the official internet government forfeiture site, for 30 consecutive days beginning on March 15, 2024, and ending on April 13, 2024. (Doc. Nos. 4-2 and 4-3). Pursuant to Supplemental Rule G(5)(a)(ii)(B), all persons receiving notice by publication must file a claim "no later than 60 days after the first day of publication on an official internet government forfeiture site."

More than 60 days have passed since the first day of publication of the notice on the official government internet web site, and no person or entity has filed a claim or answer, or otherwise made an appearance in this action. The time for filing a claim pursuant to Rule G(5) of the Supplemental Rules has expired.

Pursuant to Local Rule 55.01, Ms. Lane further declares that neither Mr. Wang nor Mr. Minter is a minor, an incapacitated person, or a member of the military service. (Doc. Nos. 4-1 at ¶¶ 5 and 6, and Doc. No. 6-4.).

For the reasons stated herein, Plaintiff's Application to Clerk for Entry of Default as to Jie Wang, John Edward Minter, III, and all other persons and entities, who may claim an interest in $344,226.00 United States Currency (Doc. No. 4), is **GRANTED.**

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court